Citation Nr: 1761230 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 14-42 342 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUE

Entitlement to service connection for sleep apnea, to include as secondary to service-connected disabilities.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Coogan, Associate Counsel



INTRODUCTION

The Veteran had active service from June 1982 to January 2003.

This matter comes before the Board of Veteran's Appeals (Board) on appeal from an August 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Baltimore, Maryland.

In September 2017, the Board remanded this matter for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, another remand is required in this case for the issue on appeal. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand. Stegall v. West, 11 Vet. App. 268 (1998). 

In its September 2017 remand, the Board instructed that the RO schedule the Veteran for a VA examination for his sleep apnea condition. The Board's remand included very specific instructions for the VA examination. 

The Veteran was afforded an examination in October 2017, resulting in two related VA examination reports. See October 2017 Sleep Apnea Disability Benefits Questionnaire (DBQ) and Medical Opinion - DBQ. Unfortunately, these VA examination reports are inadequate. See Barr v. Nicholson, 21 Vet. App. 303, 311 (once the VA undertakes the effort to provide an examination, it must provide an adequate one). For example, the Board's September 2017 remand specifically instructed that the VA examiner must consider and address the Veteran's statements concerning the onset of sleep apnea symptoms during active service and the continuity of such symptomatology since that time, and instructed that statements by the Veteran regarding symptomatology and medical history must be specifically acknowledged and considered in formulating any opinions concerning the onset and severity of his disability. The October 2017 VA examination reports, however, gave only the most cursory mention of the Veteran's statements regarding his medical history (e.g., Veteran reports symptoms started during service) and current symptoms (Veteran is tired during the day), and failed to adequately acknowledge, consider, and address the Veteran's statements, as instructed. Thus, while the VA examiner very briefly referenced a few of the Veteran's contentions, the Board finds such discussion of the relevant statements made by the Veteran is insufficient. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that a medical opinion was inadequate where medical examiner impermissibly ignored the Veteran's lay assertions that he had sustained a back injury during service).

Similarly, the Board's September 2017 remand specifically instructed that the VA examiner must consider and address the Veteran's contentions that his sleep apnea is impacted by his deconditioning, which is the result of his limited ability to exercise due to his service-connected orthopedic disabilities, and consider and address the treatise evidence referenced by the Veteran purportedly showing a correlation between the Veteran's weight gain and sleep apnea. The October 2017 VA examination reports, however, contained absolutely no mention of the Veteran's contentions and failed to address the treatise evidence. 

For the foregoing reasons, the Board finds that there has not been adequate compliance with its August 2017 remand instructions. Stegall v. West, 11 Vet. App. 268. Consequently, the Board finds that another remand is necessary to schedule the Veteran for a new VA examination and opinion. 





Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for an appropriate VA examination with a physician (M.D.) to determine the etiology of his diagnosed sleep apnea. The Veteran's claims file, including a copy of this REMAND AND THE PRIOR REMAND, must be made available to and reviewed by the hearing examiner. The examination report must reflect that such a review was undertaken.

After reviewing the file, obtaining a complete medical history of the Veteran's claimed condition, and examining the Veteran, the examiner should provide an opinion as to:

(a) whether it is at least as likely as not (50 percent or greater probability) that the Veteran's sleep apnea had its clinical onset during active service or is related to any in-service disease, event, or injury. 

In rendering this opinion, the VA examiner must consider and address the Veteran's statements concerning the onset of sleep apnea symptoms during active service and the continuity of such symptomatology since that time, as discussed in the body of the REMAND above. In this regard, the examiner is advised that the Veteran is competent to report his symptoms and history, and such statements by the Veteran regarding symptomatology and medical history must be specifically acknowledged and considered in formulating any opinions concerning the onset and severity of his disability. If the examiner rejects the reports of the Veteran regarding his history, the examiner must provide a reason for doing so.

If the VA examiner finds that the Veteran's currently diagnosed sleep apnea was less likely than not caused by or incurred in his active service, then the examiner is asked to provide an opinion as to whether:

(b) it is at least as likely as not (at least a 50-50 percent probability) that the diagnosed sleep apnea was either 
(i) caused by, or (ii) aggravated by (that is, made permanently worse by) any service-connected disability (i.e. status post arthroscopic surgery, right knee; status post arthroscopic surgery, left knee; degenerative joint disease of the right foot; central retinal vein occlusion, left eye; residuals of torn labrum, right shoulder; thoracolumbar spondylolisthesis, spondylolysis, and spinal stenosis; right lower extremity radiculopathy; surgical reconstruction of dislocated left shoulder; status post surgery to repair tendon of left thumb (gamekeeper's) with retained hardware; azoospermia; and scars of the bilateral knees, left thumb, right great toe, and left shoulder).

In providing this opinion, the VA examiner must consider and address the Veteran's contentions that his sleep apnea is impacted by his deconditioning, which is the result of his limited ability to exercise due to his service-connected orthopedic disabilities. The examiner should address the impact of the Veteran's physical condition, if any, upon the sleep apnea condition. Additionally, the VA examiner should also consider and address the treatise evidence referenced by the Veteran purportedly showing a correlation between his weight gain and his diagnosed sleep apnea. See October 2013 Notice of Disagreement (quoting internet articles describing the relationship between weight gain and sleep apnea).

All examination findings, along with the complete explanation for all opinions expressed, must be set forth in the examination report.

The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

2. Following completion of the above directive, review the claims file to ensure compliance with this remand. If any examination report does not include adequate responses to the specific opinions requested, it must be returned to the examiner for corrective action.

3. After completing all of the above, and any additional development deemed warranted, readjudicate the claims on appeal, including the issue of entitlement to TDIU. If the benefits sought are not granted, the Veteran and his attorney must be furnished a supplemental statement of the case (SSOC) and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
Lesley A. Rein
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).